Matter of Natalia M. v Odane S. (2019 NY Slip Op 04086)





Matter of Natalia M. v Odane S.


2019 NY Slip Op 04086


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Friedman, J.P., Gische, Tom, Webber, Gesmer, JJ.


9415

[*1]In re Natalia M., Petitioner-Respondent,
v
Odane S., Respondent-Appellant.


Douglas H. Reiniger, New York, for appellant.
Andrew J. Baer, New York, for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Rachel J. Stanton of counsel), attorney for the child.



Order, Family Court, Bronx County (Karen M. C. Cortes, Referee), entered on or about July 24, 2017, which denied respondent father's motion to vacate an order entered upon his default granting custody of the subject child to petitioner mother, unanimously affirmed, without costs.
The court providently exercised its discretion in denying the father's motion to vacate his default for failing to appear at the March 1, 2017 hearing. His claim that he was confused as to when the custody hearing was to begin was insufficient to establish a reasonable excuse, because it is belied by the transcripts of prior hearings, which show that he was present when the date and time for the March 1st hearing were selected (see Matter of Yadori Marie F. [Osvaldo F.], 111 AD3d 418 [1st Dept 2013]). The father's failure to maintain contact with his attorney and keep himself apprised of the status of the hearing showed that his default was due to an overall lack of attention to the proceeding (see Matter of Christina McK. v Kyle S., 154 AD3d 548 [1st Dept 2017]).
In view of the father's failure to proffer a reasonable excuse for his default, we need not determine whether there existed a meritorious defense to the mother's custody petition (see Matter of Tyrone F. v Mariah O., 165 AD3d 433, 433-434 [1st Dept 2018]). Were we to do so, we would agree with the trial court that respondent father's claims were unsubstantiated and conclusory.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK